**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GLORIA ORTIZ
on behalf of A.R.O.C., a minor,

      Plaintiff,

vs.                                                                      CIV No. 15-0487 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse and Remand to Agency, with Supporting Memorandum* (the "Motion"), (Doc. 18), filed November 2, 2015; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 24), filed February 10, 2016; and *Plaintiff's Reply* (the "Reply"), (Doc. 25), filed February 16, 2016.

      On May 16, 2011, Gloria Ortiz filed an application for Supplemental Security Income ("SSI") on behalf of the Claimant, A.R.O.C., her minor granddaughter. (Administrative Record ("AR") 143-152). A.R.O.C.'s application was denied on July 19, 2011, (AR 85-88), and also upon reconsideration on August 9, 2011. (AR 93-96). A request for hearing was filed on April 17, 2012, (AR 100-102), and a hearing was held on March 7, 2013 before Administrative Law Judge ("ALJ") Ben Willner. (AR 27-64). A.R.O.C. and A.R.O.C.'s maternal grandmother and legal guardian, Gloria Ortiz,

testified at the hearing. (*Id.*). A.R.O.C. was represented by counsel, Feliz Martone, at the hearing. (AR 29-30). The ALJ issued his opinion on November 25, 2013, finding that A.R.O.C. was not disabled under 20 C.F.R. § 416.924(a). (AR 22). Through counsel, Ms. Ortiz filed an application for review by the Appeals Council on A.R.O.C.'s behalf on January 23, 2014, which was summarily denied, (AR 1-6), making the decision of ALJ Willner the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Ms. Ortiz argues that the ALJ committed reversible, legal error because: (1) he failed to link his findings with the record; (2) failed to discuss probative evidence in the domains of attending and completing tasks, caring for self, and health and physical well-being; and (3) failed to provide a sufficient credibility determination.

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ did not properly analyze the evidence in the record, the Court finds that the Motion should be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

### I.       Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not

entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.    Applicable Law and Sequential Evaluation Process

For purposes of SSI, a child under the age of eighteen is "disabled" when she "has a medically determinable physical or mental impairment which results in marked

and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001) (citing 42 U.S.C. § 1382c(a)(3)(C)(i)). In light of this definition for disability, a three-step sequential evaluation process has been established for evaluating a child's disability claim. 20 C.F.R. § 416.924(a); *Briggs*, 248 F.3d at 1237. The ALJ "must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or combination of impairments that is severe, and (3) that the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404." *Briggs*, 248 F.3d at 1237 (citing 20 C.F.R. § 416.924(a)).

At the third step, in order to determine whether a child's impairment meets or equals a listed impairment, the ALJ must assess whether the impairment, alone or in combination with other impairments, medically or functionally equals a listing. 20 C.F.R. § 416.924(a). In doing so, the ALJ considers all relevant factors, including: (1) how well the child initiates and sustains activities, how much sleep she needs, the effects of structured or supportive settings; (2) how the child functions at school; and (3) the effects of the child's medications or other treatments. *Id.* at § 416.926a(a)(1)-(3); *Briggs*, 248 F.3d at 1237-38.

The ALJ must assess the child's functioning in terms of six domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi); *Briggs*, 248 F.3d at

1238. A child is disabled if she has "marked" limitations in two of these domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926A(d).[1]

### III.     Background

Ms. Ortiz applied for disability benefits on behalf of her minor grandchild, A.R.O.C., due to a learning disability, with an alleged onset date of April 12, 2011. (AR 182, 185). A.R.O.C. has been in the custody of Ms. Ortiz since she was three months old. (AR 34). A.R.O.C. is currently in a special education program at school. (AR 39, 228-303). The administrative record includes her medical records, school reports and records, earning records, work history report, disability application, hearing testimony, and a consultative examination report, which were used by the ALJ to evaluate A.R.O.C.'s disability claim.

At step one, the ALJ found that A.R.O.C. had not engaged in any substantial gainful activity. (AR 13). At step two, he found that A.R.O.C. has three severe impairments, including: (1) a learning disorder; (2) allergies/rhinitis; and (3) constipation. (*Id.*).

Proceeding to step three, the ALJ found that none of A.R.O.C.'s impairments met or medically equaled any of the listed impairments. (*Id.*). The ALJ gave special consideration to listing 112.05, intellectual disability, but found that the record did not support a conclusion of an intellectual disability according to the requirements of the impairment. (*Id.*). Although the ALJ determined that A.R.O.C.'s medically determined impairments could reasonably be expected to produce the alleged symptoms, he found the statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with his other findings.

---

[1] The terms "marked" and "extreme" are defined in 20 C.F.R. § 416.924a(e).

(AR 15). The ALJ based his finding on A.R.O.C.'s daily activities as reported by A.R.O.C., her grandmother, and her teacher, as well as, medical records, a State Agency opinion, and testimony from A.R.O.C. and her grandmother. (AR 17). The ALJ noted that he discounted the opinion of the State Agency examiner because it was inconsistent with the record and gave moderate weight to the report of one of A.R.O.C.'s teachers, although the ALJ noted that the teacher did not adequately account for A.R.O.C.'s limitations in one domain. (AR 15-17).

The ALJ considered the same evidence to make his disability finding. (AR 17-22). As for the six domains, the ALJ found that A.R.O.C had a marked limitation in acquiring and using information; no limitation in attending and completing tasks; no limitation in interacting and relating to others; no limitation in moving about and manipulating objects; no limitation in the ability to care for herself; and less than marked limitation in health and physical well-being. (AR 17-22). Accordingly, the ALJ found that A.R.O.C. was not disabled under the Social Security Act. (AR 22).

## IV.    Analysis

Ms. Ortiz argues that the ALJ committed reversible error by: (1) failing to link his findings to the record; (2) failing to discuss probative evidence in the domains of attending and completing tasks, caring for oneself, and health and physical well-being; and (3) failing to provide a sufficient credibility determination. (Doc. 25 at 1).

The Commissioner responds that the ALJ's decision was supported by substantial evidence and free from harmful legal error. (Doc. 24 at 1). Specifically, the Commissioner states that although the ALJ did not discuss the evidence under the domain headings, the basis for the findings for each domain is clear from the decision.

(Doc. 24 at 13). The Commissioner maintains that the ALJ considered all evidence in the record, and the finding for each domain was supported by substantial evidence. (Doc. 24 at 14). Finally, the Commissioner contends that the ALJ articulated reasons why he found that both Ms. Ortiz and A.R.O.C. were not fully credible. (Doc. 24 at 17).

The Court will first address whether the ALJ linked his findings to the evidence. Ms. Ortiz argues that the ALJ failed to link his findings for each of the domains to the record. (Doc. 18 at 11-13). She states that the ALJ summarized the evidence from the record, but gave only "boilerplate recitations of the regulations and rulings" in his discussion of the six domains. (Doc. 18 at 13). Ms. Ortiz alleges that the ALJ did not analyze the evidence, so there is no link between the evidence and the findings. (*Id.*)

The Commissioner argues that the ALJ reasonably determined that A.R.O.C. did not have marked limitations in five of the domains. (Doc. 24 at 12). The Commissioner contends that Ms. Ortiz is taking issue with the order in which the ALJ addressed the domains, which was not legal error. (Doc. 24 at 13). The Commissioner states that the ALJ first discussed the evidence as a whole and then addressed each of the domains by describing the domain and including a sentence about A.R.O.C.'s limitation in regard to that domain. (*Id.*).

### 1. Requirement to Address Probative Evidence in the Record

An ALJ must consider all evidence in the record, although he is not required to discuss every piece of evidence. *Clifton v. Charter*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Although an ALJ does not have to discuss all of his considerations for each domain, he must "provide sufficient detail" so that reviewers understand the process by which he arrived at his determinations. Social Security Ruling ("SSR") 09-1P, 2009 WL

396031(Feb. 17, 2009). Specifically, ALJs are required to "indicate their findings at each step of the sequential evaluation process." 20 C.F.R. § 416.924. In the absence of findings supported by specific weighing of the evidence in the record, the ALJ leaves the Court unable to assess whether relevant evidence adequately supports his conclusion. *Clifton*, 79 F.3d at 1009. The Court "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Davis v. Erdmann*, 607 F.2d 917, 919 (10th Cir. 1979) (citing *Colorado Interstate Gas Co. v. FPC*, 324 U.S. 581, 595 (1945)).

   2.  *The ALJ's Analysis of Evidence in the Record*

Here, Ms. Ortiz argues that the ALJ did not explain his reasoning in a manner that the Court can assess. In his written opinion, the ALJ summarized the record as follows:

> [A.R.O.C.] receives special education services in school, is very forgetful, does not finish what she starts, and does not retain information well. She has difficulty paying attention, needs to learn very slowly, does not understand or remember what she reads or hears, and cannot repeat what she reads or hears. Her biggest challenges are in the areas of math and reading, where she performs well below her grade level. She isolates and becomes quiet in the classroom, has difficulty being in a noisy room, and has trouble interacting and fitting in with her peers.

(AR 14-15). After this summary, the ALJ explains why he gave little weight to the opinion of the consultative psychological examiner, John Owen, PhD, and why he gave moderate weight to a questionnaire submitted by one of A.R.O.C.'s teachers, Dennis Moneymaker. (AR 15-16). The ALJ notes that education and medical records show that A.R.O.C. has problems with seasonal allergies and constipation, but that A.R.O.C. was not complying with medical and dietary instructions by her doctors. (AR 16).

The ALJ's analysis regarding A.R.O.C.'s degree of limitation in each of the domains consisted of the short summary of evidence in the record, reproduced above, an explanation of each domain, and the ALJ's finding of the degree of A.R.O.C.'s limitation in one sentence. The ALJ did not explain how he made his findings or analyze the evidence.

However, in determining whether a claimant is disabled, it is not enough for the ALJ to make findings. It is the ALJ's duty to "carefully consider[ ] all [of] the relevant evidence and link[ ] his findings to specific evidence." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (citing *Clifton*, 79 F.3d 1003-10). "When, as here, the ALJ makes findings only about the claimant's limitations and the remainder of the . . . assessment takes place in the [ALJ's] head, we are left with nothing to review." *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996). In this case, the ALJ did not show how the evidence translated into his findings, thus the Court is unable to determine whether his findings are supported by substantial evidence or whether he applied the appropriate legal standards to derive his conclusions.

The Commissioner provides extra evidence and links between the evidence to each domain in his Response brief. (Doc. 24 at 13-16). Although the Commissioner endeavors to offer this additional support for the ALJ's findings, the ALJ did not provide this analysis himself. The Tenth Circuit is clear that the "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (citing *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir. 2004)). Because the ALJ did not

link the evidence in the record to his conclusions, the Court will remand the case for him to properly explain his decision.

### V.   Conclusion

For the reasons discussed above, the Court concludes that the ALJ failed to properly analyze the evidence in making his disability determination. Because the Court is remanding this case for the ALJ to properly analyze the evidence presented in the record, the Court will not decide the issues of the ALJ's degree of limitation findings for each of the domains. In re-analyzing and explaining the evidence, the ALJ should; however, re-evaluate A.R.O.C.'s degree of limitation for each domain and the overall disability determination. The Court does not decide the issue of the credibility finding raised by Ms. Ortiz, as this matter is mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand to Agency, with Supporting Memorandum*, (Doc. 18), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE